IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-529-RJC-DCK

| | |
|---|---|
| WELLESLEY K. CLAYTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EQUIFAX CREDIT INFORMATION ) <br> SERVICES, LLC, ) <br> ) <br> Defendant. ) <br> ) | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Equifax Information Services LLC's Motion To Dismiss Pursuant To Rule 12(b) For Plaintiff's Failure To Opt Out Of The *In Re Equifax Settlement*" (Document No. 13).[1] This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Wellesley K. Clayton ("Plaintiff" or "Clayton") initiated this action with the filing of a "Complaint" in the district court of Mecklenburg County, North Carolina on August 26, 2019, Case No. 19CVD16918 (the "State Court Action"). (Document No. 1-1, pp. 1-4). The crux of Plaintiff's Complaint is that Equifax Credit Information Services, LLC ("Defendant" or "Equifax") allegedly leaked Plaintiff's "data." Id. Plaintiff seeks "damages for Fair Credit Reporting Act" and punitive damages. (Document No. 1-1, p. 4).

---

[1] In the motion, Defendant states that it is "[p]roperly identified as Equifax Information Services, LLC." (Document No. 13, p. 1, n. 1).

Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on October 11, 2019.  Defendant asserts that this Court has jurisdiction over this case since Plaintiff has raised a federal question, namely, alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  (Document No. 1, p. 2) (citing 28 U.S.C. § 1331).  Defendant then filed a "Motion For More Definite Statement" (Document 3) on October 18, 2022.  The Honorable Graham C. Mullen granted the motion and directed Plaintiff "to file an amended complaint that complies with the requirements of Federal Rule of Civil Procedure 8(a) no later than November 18, 2019." (Document No. 4).

On November 6, 2019, Plaintiff filed a "Motion To Remand" (Document No. 5-1).  This case was reassigned to the Honorable Robert J. Conrad, Jr. on November 26, 2019, and Judge Conrad denied the "Motion To Remand" on August 5, 2020. (Document No. 7).  On February 16, 2021, Judge Conrad issued an Order again directing Plaintiff to file an Amended Complaint. (Document No. 11).

Plaintiff's "Amended Complaint" (Document No. 12) was filed on March 1, 2021. "Defendant Equifax Information Services LLC's Motion To Dismiss Pursuant To Rule 12(b) For Plaintiff's Failure To Opt Out Of The *In Re Equifax Settlement*" (Document No. 13) was then filed on March 15, 2021.  The motion to dismiss has been fully briefed and is now ripe for review and a recommended disposition to Judge Conrad.  See (Document Nos. 14, 15, and 16).

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant seeks dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(6) based on Plaintiff's "failure to opt out of a settlement approved in the multidistrict litigation proceeding captioned, *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800

3

(N.D. Ga.) (the "Equifax MDL")." (Document No. 13, p. 1). See also In re Equifax Inc., 1:17-md-2800-TWT, 2020 WL 256132 (N.D.Ga. Mar. 17, 2020) *aff'd in part by* In re Equifax Inc., 999 F.3d 1247 (11th Cir. June 3, 2021) ("we affirm the District Court's rulings in full, subject to one small asterisk. Specifically, after the District Court approved incentive awards for the class representatives, a panel of this Court held that such awards are prohibited").

Defendant argues that the "Equifax MDL Settlement Agreement releases Equifax from liability on all claims that the settlement members brought or could have brought related to the Data Breach" announced by Equifax on September 7, 2017. (Document No. 13, p. 3). Defendant notes that the settlement class is defined as:

> The approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017.

Id. See also In re Equifax Inc., 2020 WL 256132, at *2.

"Excluded are . . . (iii) any individual who timely and validly opts out of the settlement class." 2020 WL 256132, at *2; see also (Document No. 13, p. 4). Defendant notes that "Plaintiff did not avail himself of this opt out process, and his name is therefore not reflected in the list of individuals who timely and validly opted out of the Settlement Class." (Document No. 13, p. 5) (citing Document No. 13-1).

Defendant concludes that: Plaintiff's claims clearly fall within the Settlement Class; Plaintiff did not opt out of the Settlement Agreement; and therefore, he is "subject to the Equifax MDL Settlement Agreement's release, which encompasses the claims in this lawsuit." (Document No. 13, pp. 5-6) (citing 3 Newberg on Class Actions § 9:45 (5th ed.) ("Class members who do not opt out by the deadline are bound by the litigation") (citing Scott v. Bond, 734 Fed.Appx. 188, 193 (4th Cir. 2018)); see also, In re MI Windows & Doors, Inc., Prods. Liab. Litig., 860 F.3d 218, 223

4

(4th Cir. 2018) ("[A] judgment entered in a class action is binding on each class member unless ... the class member elects to timely opt out."); and Schmidt v. Equifax Information Services, LLC, No. 1:19-CV-01125-LMB-JFA (Document No. 88), (E.D.Va. Mar. 30, 2020), reconsideration denied, (Document No. 93) (E.D.Va. Apr. 3, 2020) (dismissing claims related to cyberattack and data breach announced by Equifax on September 17, 2017 based on plaintiff's failure to opt out of the settlement approved in the Equifax MDL).

In response, Plaintiff suggests that the Equifax MDL court did not provide proper notice and states that "Plaintiff has never received any notice and [was] never given any permission for representation." (Document No. 14, p. 7). Plaintiff also references Jenkins et al. v. Equifax, 3:15-CV-00443-MHL (Document No. 30) (E.D.Va. Apr. 27, 2016), and attaches two pages of that 31-page memorandum, but does not explain the relevance of that case to the pending motion. See (Document No. 14, pp. 2-3, 7, 20, and 29).

In reply, Defendant asserts that "Plaintiff does not argue that he is not a member of the Equifax MDL settlement class or that he did, in fact, opt out of the settlement." (Document No. 15, p. 2). Defendant further asserts that Plaintiff's contention that "he did not receive actual notice of the Equifax MDL settlement and thus cannot be bound by its terms (Dkt. 14, at p. 7) is unavailing." Id. Defendant then provides supporting legal authority as follows:

> "[A] judgment entered in a class action is binding on each class member unless . . . the class member elects to timely opt out." *In re MI Windows & Doors, Inc., Products Liab. Litig.*, 860 F.3d 218, 223 (4th Cir. 2018). To this end, "[c]ourts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997) (collecting cases). Courts have determined that a class member's "lack of actual notice has no impact on the adequacy of the notice procedure or whether [a class member] may be bound by the settlement." *See,*

> *e.g., Bishop v. Equifax Consumer Servs., Inc.*, No. 1:07-CV-1203-
> TCB, 2007 WL 9706823, at *1 (N.D. Ga. Oct. 25, 2007).

(Document No. 15, pp. 2-3).

Defendant concludes that if Plaintiff is challenging "the form of notice furnished to the settlement class or otherwise seeks relief from the comprehensive opt-out provisions of the Equifax MDL settlement agreement, that request is properly directed to the Equifax MDL court, not this court." (Document No. 15, p. 3) (citing Schmidt v. Equifax Information Services, LLC, No. 1:19-CV-01125-LMB-JFA (Document No. 93) (E.D.Va. Apr. 3, 2020) (citing In re MI Windows & Doors, Inc., Prods. Liab. Litig., 860 F.3d at 225-227)); see also (Document No. 15-1).

On April 7, 2021, *pro se* Plaintiff filed a surreply. (Document No. 16)[2]. The surreply does not discuss the legal authority in Defendant's reply brief. Id. Instead, Plaintiff cites other district court decisions, without complete citations or explanations. (Document No. 16, p. 2). Plaintiff's argument is difficult to follow, but he seems to suggest that he either could not opt-out of the Equifax MDL Settlement Agreement, or effectively *did* opt-out by refusing payments. Id. Plaintiff goes on to re-assert that his Constitutional rights have been violated by Defendant's egregious conduct. Id.

The undersigned finds Defendant's arguments and legal authority most persuasive, including Defendant's assertion that his concerns should be addressed to the Equifax MDL court, not this court.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Equifax Information Services LLC's Motion To Dismiss Pursuant To Rule 12(b) For

---

[2] "Surreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted." LCvR 7.1(e). Plaintiff did not seek leave to file a surreply.

Plaintiff's Failure To Opt Out Of The *In Re Equifax* Settlement" (Document No. 13) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 12, 2022

David C. Keesler
United States Magistrate Judge