# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:19-cv-00529-RJC-DCK

| | |
|---|---|
| WELLESLEY K. CLAYTON,       ) | |
|                  ) | |
| **Plaintiff,**       ) | |
|                  ) | |
| **v.**       ) | **ORDER** |
|                  ) | |
| **EQUIFAX CREDIT INFORMATION**       ) | |
| **SERVICES, LLC,**       ) | |
|                  ) | |
| **Defendant.**       ) | |
|                  ) | |

**THIS MATTER** comes before the Court on Defendant's motion to dismiss (the "Motion") (Doc. No. 13), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17), and Plaintiff's objection (Doc. No. 18). For the reasons stated herein, the M&R is **ADOPTED**.

## I. BACKGROUND

On August 26, 2019, Plaintiff filed a pro se Complaint in the Superior Court of Mecklenburg County, North Carolina, which was removed to this Court. (Doc. No. 1). Plaintiff filed an Amended Complaint on March 1, 2021. (Doc. No. 12). The Amended Complaint alleges Defendant "was negligent in allowing [Plaintiff's] data to be breached," which breach resulted in numerous lawsuits and class actions. (*Id.* at 2). According to the Amended Complaint, Plaintiff received "documents from attorneys offering monies for [his] exposure" but Plaintiff did not believe the offers were sufficient, based on, in part, findings made by the district court in the multidistrict litigation proceeding captioned *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800 (N.D. Ga.) (the "Equifax MDL"). (*Id.*). Thereafter, Defendant moved to dismiss the amended complaint because Plaintiff failed to opt

out of the class action settlement in the Equifax MDL.  (Doc. No. 13).

## II.    LEGAL STANDARD

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."   28 U.S.C. § 636(b)(1)(A) & (B).  The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Id.*  Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III.    DISCUSSION

The Magistrate Judge recommended granting Defendant's motion to dismiss.  (Doc. No. 17).  Plaintiff's objection states that "certain considerations were ignored" in the M&R, but provides no specific objections to the M&R other than citing other cases against Equifax that are not relevant for purposes of Defendant's motion to dismiss.  (Doc. No. 18).  Since Plaintiff failed to direct the Court to a specific error in the M&R, de novo review is not required.  *Orpiano*, 687 F.2d at 47.  Nevertheless, given Plaintiff's pro se status, and liberally construing his pleadings, the Court conducted a full review of the M&R and other documents of record.

"Federal Rule of Civil Procedure 23 authorizes 'one or more members of a class' to sue 'as representative parties on behalf of all members.'" *In re MI Windows & Doors, Inc., Products Liability Litigation*, 760 F.3d 218, 223 (4th Cir. 2017) (quoting Fed. R. Civ. P. 23(a)). "[A] judgment entered in a class action is binding on each class member unless . . . the class member elects timely to opt out." *Id.* (affirming district court that enjoined plaintiff from filing state court action against defendant when plaintiff failed to opt out of class action settlement).

In the Equifax MDL, Equifax and the settlement class entered into a global settlement agreement. The settlement class is defined as:

> The approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017.

*In re Equifax Inc. Customer Data Security Breach Lit.*, No. 1:17-md-2800-TWT, 2020 WL 256132, at *2 (N.D. Ga. Mar. 17, 2020). "Excluded are . . . (iii) any individual who timely and validly opts out of the settlement class." *Id.* The settlement agreement released the claims related to the data breach that could have been asserted in the Equifax MDL. *Id.* The order approving the Equifax MDL settlement agreement was appealed and almost entirely affirmed by the Eleventh Circuit.[1] *See In re Equifax Inc.*, 999 F.3d 1247 (11th Cir. June 3, 2021). The United States Supreme Court denied certiorari. *See Huang v. Spector*, 142 S. Ct. 431 (2021); *Watkins v. Spector*, 142 S. Ct. 765 (2022).

---

[1] The Eleventh Circuit fully affirmed the district court's order, "subject to one small asterisk," not relevant for purposes of Defendant's motion to dismiss. *In re Equifax Inc.*, 999 F.3d 1247 (11th Cir. June 3, 2021). "Specifically, after the District Court approved incentive awards for the class representatives, a panel of [the Eleventh Circuit] held that such awards are prohibited." *Id.* The matter was remanded for the sole purpose of vacating the incentive rewards, but "the rest of the settlement agreement [remained] intact." *Id.* at 1284.

Plaintiff did not opt out of the settlement class. (Doc. No. 13-1). Neither Plaintiff's response to Defendant's motion to dismiss nor his objection claim that he opted out of the settlement class. Rather, in response to Defendant's motion to dismiss, Plaintiff challenged whether he received proper notice of his rights in the Equifax MDL. The Magistrate Judge concluded those issues should be raised with the court for the Equifax MDL, not this Court. The Court agrees. Plaintiff's case will be dismissed for failing to opt out of the settlement class in the Equifax MDL. Any concerns Plaintiff has with the Equifax MDL settlement agreement, including whether he received proper notice, should be raised with the Equifax MDL court.

IV.    **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 17), is **ADOPTED**;

2. Defendant's motion to dismiss (Doc. No. 13) is **GRANTED**; and

3. This case is **DISMISSED WITHOUT PREJUDICE**.

    The Clerk of Court is directed to close this case.


Robert J. Conrad, Jr.
United States District Judge